**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| JOSE LUIS WONG,              ) | |
|     Petitioner,                    ) | Case No. 7:22-cv-00171 |
| v.                                           ) | |
|                                                  ) | |
| J. C. STREEVAL,                   ) | By: Michael F. Urbanski |
|     Respondent.                 ) | Chief United States District Judge |

## MEMORANDUM OPINION

Jose Luis Wong, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Wong challenges the validity of a federal sentence imposed by the United States District Court for the Southern District of Florida. Upon review of the petition, the court concludes that Wong cannot satisfy all of the requirements for proceeding under § 2241. Therefore, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

### I.     BACKGROUND

In 2008, Wong was convicted of Hobbs Act, cocaine, and firearm offenses in the Southern District of Florida. Pet., ECF No. 1, at 2; see also United States v. Sardinas, 386 F. App'x 927, 933 (11th Cir. 2010) (summarizing the charges against Wong and three codefendants). The presentence report classified Wong as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on two prior drug convictions. Pet. at 3. The district court sentenced Wong to a total term of imprisonment of 600 months. Sardinas, 386 F. App'x at 933. On July 16, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence. Id. at 946. Wong has since filed two motions to vacate under 28 U.S.C. § 2255, both of which were unsuccessful. See Wong v. United States, No.

1:20-cv-20111, 2021 U.S. Dist. LEXIS 96358, at *10–15 (S.D. Fla. May 18, 2021) (summarizing the procedural history and holding that Wong was not entitled to relief under § 2255).

Wong is presently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 25, 2022. Relying on various Supreme Court decisions, including Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), Wong argues that he was improperly sentenced as a career offender. Pet. at 1. Wong further argues that he is entitled to seek relief under § 2241 based on the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id.

## II.    DISCUSSION

When a prisoner seeks to challenge the validity of a federal conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 425–26. Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. Id.

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). In Wheeler, the Fourth Circuit established a test for

2

determining when the savings clause may be used to challenge a federal sentence. The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when all of the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (paragraph breaks added).

Having considered Wong's arguments, the court concludes that his petition fails to satisfy the second and fourth prongs of the Wheeler test. First, Wong has not demonstrated that "settled substantive law" establishing the legality of his sentence has "changed" since his "direct appeal and first § 2255 motion." Id. Wong's claim of sentencing error is based on his assertion that the district court did not rely on "Taylor-and-Shepard-approved sources" in determining that he qualified for sentencing as a career offender. Pet. at 8. However, the cases on which he primarily bases this argument—Taylor and Shepard—were decided well before his sentencing hearing. Thus, Wong cannot rely on either decision to satisfy the second prong. Nor can he rely on the Supreme Court's subsequent decision in Mathis v. United States, 579 U.S. 500 (2016), since the decision "did not change the settled substantive law." Ham v. Breckon, 994 F.3d 682, 689 (4th Cir. 2021); see also In re Hernandez, 857 F.3d 1162, 1164

3

(11th Cir. 2017) (explaining that Mathis merely "provided guidance to courts in interpreting an existing criminal statute").[1]

Additionally, with respect to the fourth prong, Wong has not shown that the sentence imposed in his case "presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. In United States v. Foote, 784 F.3d 942 (4th Cir. 2015), the Fourth Circuit "distinguished a misapplied career offender enhancement from fundamental defects such as 'sentences issued in excess of the maximum authorized by law.'" Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (quoting Foote, 784 F.3d at 942). Since there was "no dispute that [the defendant's] sentence did not exceed the statutory maximum," the Court concluded that the alleged Guidelines error did "not rise to the level of a 'fundamental' defect." Foote, 784 F.3d at 943. The Fourth Circuit has since reaffirmed that "a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.'" Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) (quoting Foote, 784 F.3d at 932, 941); see also id. ("Here, Appellant was deemed a career offender under an advisory Guidelines scheme; thus, to the extent Appellant bases his Wheeler claim on his career offender designation, he does not satisfy prong four."). Other courts, including the Eleventh Circuit, have reached the same conclusion. See Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[T]he alleged error in this

---

[1] Wong's petition also references Molina-Martinez v. United States, 578 U.S. 189 (2016). However, that decision addressed whether the application of an incorrect Guidelines range constituted plain error on direct appeal. Id. at 204. It did not overturn existing precedent addressing whether a Guidelines error can form the basis for collateral relief. Godwin v. United States, No. 19-14273, 2020 U.S. App. LEXIS 21660, at *13 (11th Cir. 2020); see also In re Jones, No. 18-13087, 2018 U.S. App. LEXIS 32888, at *7 (11th Cir. Nov. 20, 2018) (noting that "the Supreme Court itself has not held that [Molina-Martinez is] retroactively applicable to cases on collateral review, nor does any combination of cases necessarily appear to dictate [its] retroactivity").

appeal—erroneously designating a defendant as a career offender—is not a fundamental defect that inherently results in a complete miscarriage of justice."); see also United States v. Moody, 775 F. App'x 666, 667 (11th Cir. 2019) ("We have held that errors in the calculation of an advisory guideline range for sentencing a career offender are not cognizable in postconviction review.") (citing Spencer, 773 F.3d at 1135).

Here, Wong argues that his § 2241 petition "should be heard on the merits" in light of his "misclassification as a Career Offender." Pet. at 1. Because Wong was sentenced under the advisory Guidelines, the alleged error does not constitute a "fundamental defect."[2] Wheeler, 886 F.3d at 429. Consequently, to the extent Wong seeks to challenge his career offender designation, he is unable to satisfy the fourth prong of the Wheeler test.

### III.   CONCLUSION

For the reasons stated herein, the court concludes that Wong cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Wong's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: June 3, 2022

Michael F. Urbanski
Chief United States District Judge

---

[2] Contrary to Wong's assertion, the Guidelines were not mandatory at the time of his sentencing. See United States v. Booker, 543 U.S. 220, 258–65 (2005) (holding that the Guidelines are advisory); Lester v. United States, 921 F.3d 1306, 1314 (11th Cir. 2019) ("Booker established that the Guidelines are not mandatory . . . .").